1  NICOLAS A. JAMPOL (State Bar No. 244867)
     nicolasjampol@dwt.com
2  CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
     cydneyfreeman@dwt.com
3  **DAVIS WRIGHT TREMAINE LLP**
   865 South Figueroa Street, 24th Floor
4  Los Angeles, California 90017-2566
   Telephone: (213) 633-6800
5  Fax: (213) 633-6899

6  RAPHAEL HOLOSZYC-PIMENTEL (appearance *pro hac vice*)
     rhp@dwt.com
7  **DAVIS WRIGHT TREMAINE LLP**
   1251 Avenue of the Americas, 21st Floor
8  New York, NY 10020
   Telephone: (212) 489-8230
9  Fax: (212) 489-8340

10 Attorneys for Defendant
   APPLE INC.

11

12                    **UNITED STATES DISTRICT COURT**

13                    **NORTHERN DISTRICT OF CALIFORNIA**

14

| 15 | Laszlo PUSZTAI, an individual, and DIRE STUDIO SZOLGÁLTATÓ KORLÁTOLT FELELŐSSÉGŰ TÁRSASÁG, a Hungarian limited liability company (d/b/a "DIRE Studio Kft."), | Case No. 3:21-cv-7995-JD |
|----|---|---|
| 16 | | **APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| 17 | | |
| 18 | Plaintiff, | Date: January 20, 2022 |
| 19 | v. | Time: 10:00 a.m.<br>Courtroom: 11 |
| 20 | APPLE, INC., a California corporation, | |
| 21 | Defendant. | |

22
23
24
25
26
27
28

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 20, 2022, at 10:00 a.m., or as soon as may be heard in Courtroom 11 of the United States District Court for the Northern District of California, San Francisco Courthouse, 19th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, defendant Apple Inc. will and hereby does move this Court for an order dismissing the Second Amended Complaint filed by plaintiffs Laszlo Pusztai and DIRE Studio Szolgáltató Korlátolt Felelősségű Társaság ("Plaintiffs").

This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiffs' claims are based on speculation and conclusory allegations, which are insufficient to state a valid cause of action.

This motion is based on this notice of motion, the memorandum of points and authorities, matters of which this Court may take judicial notice, the pleadings, files, and records in this action, and any argument heard by this Court.

DATED: December 17, 2021     DAVIS WRIGHT TREMAINE LLP

By: /s/ Nicolas A. Jampol
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
RAPHAEL HOLOSZYC-PIMENTEL

Attorneys for Defendant
APPLE INC.

---

1

MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No. 3:21-cv-7995-JD
4876-4306-4837v.3 0111653-000010

# **TABLE OF CONTENTS**

|   |   | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 1 |
|   | A.   Plaintiffs' Allegations | 1 |
|   | B.   This Lawsuit | 2 |
| III. | PLAINTIFFS' CLAIMS FAIL AS A MATTER OF LAW | 3 |
|   | A.   Plaintiffs' Conclusory and Speculative Allegations Fail to State a Valid Copyright Infringement Claim. | 3 |
|   | B.   Plaintiffs' Claims for Secondary Copyright Infringement Likewise Fail. | 6 |
| IV. | CONCLUSION | 6 |

# TABLE OF AUTHORITIES

**Page**

**Cases**

*AirWatch LLC v. Mobile Iron, Inc.*,
   2013 WL 4757491 (N.D. Ga. Sept. 4, 2013) ........................................................................... 5

*Apple Comp. v. Microsoft Corp.*,
   35 F.3d 1435 (9th Cir. 1994) .................................................................................................... 3

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................. 3, 4

*Asset Mktg. Sys. v. Gagnon*,
   542 F.3d 748 (9th Cir. 2008) .................................................................................................... 5

*Beardmore v. Jacobsen*,
   131 F. Supp. 3d 656 (S.D. Tex. 2015) ..................................................................................... 5

*Becton, Dickinson & Co. v. Cytek Biosciences Inc.*,
   2020 WL 1877707 (N.D. Cal. Apr. 15, 2020) ......................................................................... 4

*Fox Broad. Co. v. Dish Network L.L.C.*,
   747 F.3d 1060 (9th Cir. 2014) .................................................................................................. 6

*Fusion Windows & Doors, Inc. v. Am. Reliable Windows, Inc.*,
   2013 WL 12126108 (C.D. Cal. July 12, 2012) ........................................................................ 6

*Kwikset Corp. v. Super. Ct.*,
   51 Cal. 4th 310 (2011) .............................................................................................................. 5

*McCormick v. Sony Pictures*,
   2008 WL 11338582 (C.D. Cal. Feb. 4, 2008) ......................................................................... 4

*Pusztai v. Apple, Inc.*,
   Case No. 1:21-cv-4813-PAE (S.D.N.Y. 2021) ........................................................................ 2

*Rice v. Fox Broad. Co.*,
   330 F.3d 1170 (9th Cir. 2003) .................................................................................................. 3

*Silvaco Data Sys. v. Intel Corp.*,
   184 Cal. App. 4th 210 (2010) ................................................................................................... 5

*Skidmore v. Led Zeppelin*,
   952 F.3d 1051 (9th Cir. 2020) ............................................................................................. 3, 4

*Sony Comp. Ent. v. Connectix Corp.*,
   203 F.3d 596 (9th Cir. 2000) ................................................................................................ 4, 5

*Synopsis, Inc. v. Atoptech, Inc.*,
   2013 WL 5770542 (N.D. Cal. Oct. 24, 2013) .................................................................. 3, 4, 5

*Warehouse Sols., Inc. v. Integrated Logistics, LLC*,
   610 F. App'x 881 (11th Cir. 2015) ......................................................................................... 5

**Statutes**

17 U.S.C. § 102(b) ........................................................................................................................ 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiffs Laszlo Pusztai and DIRE Studio Szolgáltató Korlátolt Felelősségű Társaság ("Plaintiffs") assert copyright infringement claims against defendant Apple Inc. ("Apple") based on conclusory, speculative, and otherwise insufficient allegations. Plaintiffs' claims rely on the logical fallacy that correlation implies causation, alleging that a third-party competitor's app available on Apple's App Store *must have* copied Plaintiffs' app because both apps have a similar error when obtaining data from digital cameras. *See* Second Amended Complaint ("SAC") ¶¶ 15, 23. Moreover, Plaintiffs' allegations are devoid of *factual content* sufficient to plausibly show that the third-party competitor copied protectable elements in a manner that would constitute copyright infringement. Instead, Plaintiffs assure the Court that *they* compared the works and *they* concluded that infringement has occurred. *See* SAC ¶¶ 24-25. These assumptions and conclusory allegations fall far short of pleading a viable claim for copyright infringement, and as a result, Apple respectfully requests that this Court dismiss Plaintiffs' claims in their entirety.

## II.  FACTUAL BACKGROUND

### A.  Plaintiffs' Allegations

Plaintiffs allege that Pusztai is a photographer and programmer in Hungary. SAC ¶ 1. They allege that Pusztai created an application (an "app") called ShutterCount, which was designed to interface with users' digital cameras and display the total number of "shutter actuations" for a particular digital camera. *Id.* In obtaining the total number of actuations, however, Plaintiffs allege that ShutterCount contains "an inadvertent error," which miscounts the number of actuations in certain situations. SAC ¶ 15. Plaintiffs allege that this error was caused by ShutterCount's failure to "account for a variable connected to differing types of shutter activation." *Id.* Plaintiffs allege that DIRE Studio, the exclusive licensee of ShutterCount, authorized Apple to sell copies of ShutterCount through the App Store. SAC ¶¶ 2, 8.

Plaintiffs allege that a Russian citizen named Konstantin Pavlikhin developed an app called EOS Inspector, which "allowed users to obtain from certain models of the Canon 'EOS'

brand of digital camera 'shutter counts' documenting how heavily each camera has been used." SAC ¶ 17.  Plaintiffs allege, on information and belief, that Pavlikhin purchased ShutterCount from the App Store, somehow accessed ShutterCount's source code, and "reproduced" ShutterCount's source code in EOS Inspector.  SAC ¶ 19.  Plaintiffs allege, as the basis for their claims of infringement, that EOS Inspector "outputs the same erroneous 'live view' versus 'viewfinder' shutter actuation counts" as ShutterCount.  SAC ¶ 23.  Plaintiffs also allege that they "employed a device," which they do not identify, that supposedly is "capable of observing the code transmitted" by EOS Inspector, and that they were "able to determine" that EOS Inspector copied the source code from ShutterCount.  SAC ¶¶ 24-25.

**B.     This Lawsuit**

On May 29, 2021, Plaintiffs filed this action against Apple Inc. in the Southern District of New York.  *Pusztai v. Apple, Inc.*, Case No. 1:21-cv-4813-PAE (S.D.N.Y. 2021), Dkt. 1.  On August 2, 2021, Plaintiffs filed the First Amended Complaint ("FAC"), which added two more defendants: Apple Canada, Inc. and Apple Distribution International Ltd.  Dkt. 8.  In the FAC, Plaintiffs asserted seven causes of action: (1) copyright infringement, (2) vicarious and contributory copyright infringement, (3) copyright infringement under German law, (4) copyright infringement under UK law, (5) copyright infringement under Australian law, (6) copyright infringement under Canadian law, and (7) permanent injunction.  FAC ¶¶ 24-64.

On October 1, 2021, Plaintiffs voluntarily dismissed Apple Canada, Inc. and Apple Distribution International Ltd.  Dkt. 17.  Later that day, the court transferred this action to this district pursuant to the parties' joint application to transfer the case.  Dkt. 21.  On November 19, 2021, Apple filed a motion to dismiss the FAC.  Dkt. 27.

On December 3, 2021, Plaintiffs filed the Second Amended Complaint.  Dkt. 34.  The SAC asserts two causes of action: (1) direct copyright infringement and (2) vicarious and contributory copyright infringement.  SAC ¶¶ 32-49.  Apple now moves to dismiss the SAC.

### III. PLAINTIFFS' CLAIMS FAIL AS A MATTER OF LAW

**A.  Plaintiffs' Conclusory and Speculative Allegations Fail to State a Valid Copyright Infringement Claim.**

To state a claim for copyright infringement, a plaintiff must show that (1) it owns a valid copyright in the allegedly infringed work, and (2) the defendant copied protected aspects of that work. *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020). "In the absence of direct evidence of copying," the plaintiff can "prove it circumstantially by showing that the defendant had access to the plaintiff's work and that the two works share similarities probative of copying." *Id.* In addition, the plaintiff must show that "the works share *substantial* similarities." *Id.* (emphasis in original). In assessing substantial similarity, courts disregard "any similarity in expression resulting from unprotectable elements." *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1174 (9th Cir. 2003). *See also Apple Comp. v. Microsoft Corp.*, 35 F.3d 1435, 1446 (9th Cir. 1994) (explaining that "the unprotectable elements have to be identified, or filtered, before the works can be considered as a whole"); 17 U.S.C. § 102(b) (providing that copyright does not extend to any "idea, procedure, process, system, method of operation, concept, principle, or discovery" embodied in a work).

Importantly, Plaintiffs cannot survive dismissal with "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, a plaintiff must state a *plausible* claim, meaning that the plaintiff "pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (emphasis added). Where the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim. *Id.* at 679.

To comply with this plausibility requirement, courts in this district require plaintiffs to "plead some non-speculative facts about what Defendant infringed and how." *Synopsis, Inc. v. Atoptech, Inc.*, 2013 WL 5770542, at *4 (N.D. Cal. Oct. 24, 2013). In *Synopsis*, the court rejected the plaintiff's allegations of copying based on the defendant's alleged advertisements that its software had a "tight correlation" with the plaintiff's software and, according to plaintiff,

such correlation would be impossible without the defendant copying "significant portions" of the plaintiff's software. *Id.* (holding that allegations were not plausible under federal pleading standards because the plaintiff "never makes clear what Defendant copied," but instead merely alleges that the defendant "had access to, copied, and prepared derivative works based on the Copyrighted Software").[1] Similarly, in *Becton, Dickinson & Co. v. Cytek Biosciences Inc.*, 2020 WL 1877707, at *6 (N.D. Cal. Apr. 15, 2020), the court found that the plaintiff failed to plead non-speculative facts regarding the alleged infringement, and that allegations on information and belief that the defendant removed plaintiff's logos and product names and distributed infringing works with its own names and artwork were nothing more than conclusory allegations regarding the elements of a copyright infringement claim. *See also McCormick v. Sony Pictures*, 2008 WL 11338582, at *5 (C.D. Cal. Feb. 4, 2008) (dismissing claim because plaintiff "pleads no facts regarding the similarities" between the works).

Here, Plaintiffs allege that the EOS Inspector app copies "substantial portions of code embodied" in ShutterCount. SAC ¶ 34. This allegation is nothing more than a "threadbare recital" of a copyright infringement claim. *See Iqbal*, 556 U.S. at 678. Moreover, because "software ordinarily contains both copyrighted and unprotected or functional elements," *Sony Comp. Ent. v. Connectix Corp.*, 203 F.3d 596, 599 (9th Cir. 2000), Plaintiffs' conclusory allegations fail to plausibly establish copying of *protectable elements* from ShutterCount. Plaintiffs' more specific allegation that ShutterCount and EOS Inspector have a similar error in the way they count "actuations" of digital cameras does not come close to permitting the Court to "infer more than the *mere possibility* of misconduct." *See Iqbal*, 556 U.S. at 679 (emphasis added). Perhaps, for example, the digital cameras themselves outputted data in a manner that causes this error in all apps with similar functionality. Plaintiffs' allegations about this error do not plausibly establish that the works are substantially similar in their protected elements. *See Skidmore*, 952 F.3d at 1064.

---

[1] The court did find one aspect of the plaintiff's allegations sufficient to state a valid claim for copyright infringement because the plaintiff made specific factual allegations that it had a portion of the defendant's software documentation, which plaintiff alleged copied specific content from plaintiff's own documentation. *Id.*

Plaintiffs attempt to salvage their deficient allegations by contending that they "employed a device capable of observing the code transmitted by [EOS Inspector] to the camera via the USB cable," and determined that EOS Inspector's source code is "identical" to ShutterCount. SAC ¶ 24. As an initial matter, this is an implausible allegation because source code is not observable simply by employing some unidentified "device." In fact, "when software is distributed, only the compiled object code is distributed and the programmer retains the source code." *Asset Mktg. Sys. v. Gagnon*, 542 F.3d 748, 755 n.5 (9th Cir. 2008). *See also Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 218 (2010) (explaining that "the source code for many if not most commercial software products is a secret, and may remain so despite widespread distribution of the executable program") (disapproved of on other grounds by *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310 (2011)); *Beardmore v. Jacobsen*, 131 F. Supp. 3d 656, 674 (S.D. Tex. 2015) (noting that object code is "extremely difficult to de-compile or reverse engineer," and programmers regularly "distribute it to the public without necessarily revealing the source code"); *Warehouse Sols., Inc. v. Integrated Logistics, LLC*, 610 F. App'x 881, 884 (11th Cir. 2015) (explaining that source code "is written in a programming language and is not accessible to program users"); *AirWatch LLC v. Mobile Iron, Inc.*, 2013 WL 4757491, at *3 n.6 (N.D. Ga. Sept. 4, 2013) ("[T]o one running a program, the source code is not accessible.").[2]

Even putting aside the implausibility of Plaintiffs' allegations about the "device" that supposedly observed EOS Inspector's source code, Plaintiffs do not plead any "non-speculative facts about what Defendant infringed and how." *Synopsis*, 2013 WL 5770542, at *4. Plaintiffs' allegation that *they* "have been able to determine" that the source code for EOS Inspector infringes Plaintiffs' alleged copyright in ShutterCount is the definition of a conclusory allegation. SAC ¶ 24. The allegation—and the complaint more generally—do not allege sufficient factual content to allow *the Court* to determine whether the allegations of copying are plausible and whether the elements that were supposedly copied are even protectable. Plaintiffs'

---

[2] In *Sony Comp. Ent. v. Connectix Corp.*, the court explained, at length, the various methods of reverse engineering source code, none of which are as straightforward as Plaintiffs' alleged method of using an unidentified "device." 203 F.3d at 599-601.

5
MOTION TO DISMISS SECOND AMENDED COMPLAINT
Case No. 3:21-cv-7995-JD
4876-4306-4837v.3 0111653-000010

purported assurance that EOS Inspector infringes, without actually showing what was allegedly infringed, is insufficient under federal pleading requirements. Because Plaintiffs have not alleged factual matter that establishes plausible—not merely possible—copyright infringement, this claim should be dismissed.

**B.      Plaintiffs' Claims for Secondary Copyright Infringement Likewise Fail.**

Because the direct infringement claim fails, Plaintiffs' cause of action for vicarious and contributory copyright infringement also fails. *See Fox Broad. Co. v. Dish Network L.L.C.*, 747 F.3d 1060, 1068 (9th Cir. 2014) ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party."); *Fusion Windows & Doors, Inc. v. Am. Reliable Windows, Inc.*, 2013 WL 12126108, at *5 (C.D. Cal. July 12, 2012) ("As Plaintiff has failed to state a claim for direct copyright infringement, Plaintiff can also not sustain a claim for contributory and vicarious infringement.").

### IV.     CONCLUSION

Plaintiffs' allegations are insufficient to state any valid cause of action against Apple and, as a result, should be dismissed.

DATED: December 17, 2021                    DAVIS WRIGHT TREMAINE LLP

By:   /s/ Nicolas A. Jampol
      NICOLAS A. JAMPOL
      CYDNEY SWOFFORD FREEMAN
      RAPHAEL HOLOSZYC-PIMENTEL

Attorneys for Defendant
APPLE INC.