1   Joshua G. Graubart (SBN 309735)
      jggraubart@graubartlaw.com
2   **LAW OFFICES OF**
    **JOSHUA GRAUBART, P.C.**
3   1177 Ave. of the Americas, 5th Fl.
    New York, NY 10036
4   Telephone: (646) 781-9321

5   Attorneys for Plaintiffs

6   NICOLAS A. JAMPOL (State Bar No. 244867)
      nicolasjampol@dwt.com
7   CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
      cydneyfreeman@dwt.com
8   **DAVIS WRIGHT TREMAINE LLP**
    865 South Figueroa Street, 24th Floor
9   Los Angeles, California 90017-2566
    Telephone: (213) 633-6800
10  Fax: (213) 633-6899

11  RAPHAEL HOLOSZYC-PIMENTEL (*pro hac vice* appearance)
      rhp@dwt.com
12  **DAVIS WRIGHT TREMAINE LLP**
    1251 Avenue of the Americas, 21st Floor
13  New York, NY 10020
    Telephone: (212) 489-8230
14  Fax: (212) 489-8340

15  Attorneys for Defendant

16

17                    **UNITED STATES DISTRICT COURT**

18                   **NORTHERN DISTRICT OF CALIFORNIA**

19
    Laszlo PUSZTAI, an individual, and DIRE          Case No. 3:21-cv-7995-JD
20  STUDIO SZOLGÁLTATÓ KORLÁTOLT
    FELEL   SSÉG   TÁRSASÁG, a Hungarian            **JOINT CASE MANAGEMENT**
21  limited liability company (d/b/a "DIRE Studio    **STATEMENT & [PROPOSED] ORDER**
    Kft."),
22                                                   Date: January 20, 2022
                                                     Time: 10:00 a.m.
23                       Plaintiff,                  Courtroom: 11, 19th Floor

24              v.                                   Complaint Filed: May 29, 2021
                                                     FAC Filed: August 2, 2021
25  APPLE, INC., a California corporation,           SAC Filed: December 3, 2021
                                                     Trial Date:  Not Set
26                       Defendant.

27

28

---

JOINT CASE MANAGEMENT STATEMENT
Case No. 1:21-cv-004813

Pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2018, Civil Local Rule 16-19, plaintiffs Laszlo Pusztai ("Pusztai") and DIRE Studio Szolgáltató Korlátolt Felel sség Társaság ("DIRE Studio") (together, "Plaintiffs") and defendant Apple Inc. ("Apple") (collectively, the "Parties"), by and through their undersigned counsel, hereby submit this Joint Case Management Statement in advance of the Case Management Conference on January 20, 2022.

## 1.   Jurisdiction and Service

This is an action arising under the Copyright Act, 17 U.S.C. §§ 101, *et seq*.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.  No issues exist regarding personal jurisdiction or venue.  No party remains to be served.

## 2.   Alleged Facts

Factual Background

Plaintiffs allege that Pusztai is a photographer and programmer in Hungary.  SAC ¶ 1. They allege that Pusztai created an application (an "app") called ShutterCount.  Plaintiffs allege that DIRE Studio, the exclusive licensee of ShutterCount, authorized Apple to sell copies of ShutterCount through the App Store.  SAC ¶¶ 2, 8.  Plaintiffs allege that a Russian citizen, Konstantin Pavlikhin, developed an app called EOS Inspector, which Plaintiffs contend copies ShutterCount's code.  SAC ¶¶ 24-25.  Plaintiffs allege that Apple distributed EOS Inspector to the public in the United States, exported copies from the United States to foreign jurisdictions, and certified EOS Inspector for use with Apple's MacOS operating system from approximately June 2018.  SAC ¶ 36.  Plaintiffs assert claims against Apple for direct copyright infringement and vicarious and/or contributory copyright infringement.  SAC ¶¶ 32-49.

Apple contends that Plaintiffs have not sufficiently pleaded—and will be unable to establish—that EOS Inspector infringes ShutterCount.  Even if Plaintiffs demonstrate that EOS Inspector infringes ShutterCount, Apple contends that it had no knowledge regarding any such infringement, nor did Apple supervise or contribute to any such infringement.  Moreover, Apple contends that EOS Inspector was not distributed in other countries by Apple, but instead by other Apple-affiliated entities that were dismissed as defendants.  Apple contends that Plaintiffs are

attempting to hold Apple responsible for a dispute between them and Pavlikhin for conduct by Pavlikhin, not Apple.

Procedural Background

On May 29, 2021, Plaintiffs filed this action against Apple in the Southern District of New York. *Pusztai v. Apple, Inc.*, Case No. 1:21-cv-4813-PAE (S.D.N.Y. 2021), Dkt. 1. On August 2, 2021, Plaintiffs filed the First Amended Complaint ("FAC"), which added two more defendants: Apple Canada, Inc. and Apple Distribution International Ltd. Dkt. 8. In the FAC, Plaintiffs asserted seven causes of action: (1) copyright infringement, (2) vicarious and contributory copyright infringement, (3) copyright infringement under German law, (4) copyright infringement under UK law, (5) copyright infringement under Australian law, (6) copyright infringement under Canadian law, and (7) permanent injunction. FAC ¶¶ 24-64.

On October 1, 2021, Plaintiffs voluntarily dismissed Apple Canada, Inc. and Apple Distribution International Ltd. Dkt. 17. Later that day, the court transferred this action to this district pursuant to the parties' joint application to transfer the case. Dkt. 21. On November 19, 2021, Apple filed a motion to dismiss the FAC. Dkt. 27.

On December 3, 2021, Plaintiffs filed the Second Amended Complaint ("SAC"). Dkt. 34. The SAC asserts two causes of action: (1) direct copyright infringement and (2) vicarious and contributory copyright infringement. SAC ¶¶ 32-49. On December 17, 2021, Apple filed a motion to dismiss the SAC. Dkt. 35.

**3.     Legal Issues**

Plaintiffs

Whether Apple, despite Plaintiffs' notice to it of the infringing nature of EOS Inspector from June 2018, directly infringed Plaintiffs' copyright by (i) distributing EOS Inspector in the United States and/or (ii) exporting EOS Inspector to foreign jurisdictions for distribution there; whether Apple, despite Plaintiffs' notice to it of the infringing nature of EOS Inspector from June 2018, vicariously and/or contributorily infringed Plaintiffs' copyright by (i) permitting distribution of EOS Inspector on Apple's App Store and/or (ii) certifying EOS Inspector as free

from malware and issuing a code-signing certificate permitting EOS Inspector to run on Apple's MacOS operating system.

Defendant

Whether Plaintiffs own a properly registered copyright to ShutterCount; whether Plaintiffs have standing to assert the claims in the SAC; whether the relevant works are substantially similar; assuming Plaintiffs establish standing, ownership, and infringement, whether Apple committed copyright infringement simply by virtue of the fact that EOS Inspector was available on the App Store in the United States; whether Plaintiffs' purported notice of alleged infringement is sufficient to put Apple "on notice" of infringement; whether Apple is vicariously liable for alleged infringement by a third-party developer.

**4.      Motions**

Apple has a pending motion to dismiss the SAC.  Depending on the outcome of the motion and facts obtained during discovery, Plaintiffs and/or Apple may file a motion for summary judgment.

**5.      Amendment of Pleadings**

In the event Apple's motion to dismiss is granted with leave to amend, Plaintiffs anticipate filing a further amended complaint.

**6.      Evidence Preservation**

The Parties confirm they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues in this action.

**7.      Disclosures**

The Parties will serve their initial disclosures on or before February 24, 2022.

**8.      Discovery**

**a.   Discovery to Date and Coordination**

The Parties have not conducted any discovery to date.

**b.   Scope of Anticipated Discovery**

JOINT CASE MANAGEMENT STATEMENT
Case No. 1:21-cv-004813

<u>Plaintiffs</u>

Plaintiffs anticipate seeking written and/or oral discovery from Apple regarding, among other things, (1) Apple's import and/or export of EOS Inspector; (2) Apple's certification of EOS Inspector for use with Apple's MacOS operating system; (3) distribution by Apple and/or its affiliates of updated versions of EOS Inspector to purchasers of prior versions; and (4) financial information regarding revenues, costs and profits connected with the distribution and sale of EOS Inspector.

<u>Defendant</u>

Apple anticipates seeking written discovery from Plaintiffs regarding, among other things: (1) the creation and development of ShutterCount; (2) Plaintiffs' alleged ownership of ShutterCount, including registrations of and applications to register ShutterCount; (3) ShutterCount's source code and/or other relevant code, including its non-functional code; (4) Pusztai's agreement and relationship with DIRE Studios; (5) any licensing agreements between Plaintiffs and third parties relating to ShutterCount; (6) internal communications regarding ShutterCount or EOS Inspector; (7) communications between Pusztai and Pavlikhin regarding ShutterCount or EOS Inspector; (8) communications with Apple and others regarding ShutterCount or EOS Inspector; (9) information regarding ShutterCount, including reviews and sales figures; and (10) financial information relating to ShutterCount, including revenues, costs, and profits.

**c.  Proposed Limitations or Modifications to the Discovery Rules**

The Parties do not propose any limitations or modifications to the discovery rules.  The Parties expect that they will stipulate to a protective order based on the Northern District of California's model order.

**d.  Report of Planned Stipulated e-Discovery Order**

The Parties have met and conferred regarding the Stipulated Electronically Stored Information (ESI) protocol.

**9.      Class Actions**

Not applicable.

JOINT CASE MANAGEMENT STATEMENT
Case No. 1:21-cv-004813

**10.    Related Cases**

Not applicable.

**11.    Relief**

Plaintiffs

Plaintiffs seek:

)    A preliminary and permanent injunction precluding Apple and any parties with
which it may be in concert from continued certification and distribution of EOS
Inspector;

)    With respect to infringing acts occurring before Plaintiff's registration of
ShutterCheck, Plaintiffs' actual damages and Apple's and Pavlikhin's profits
attributable to the infringement(s) of Plaintiffs' copyright, pursuant to 17 U.S.C. §
504, including pre-and post-judgment interest;

)    With respect to infringing acts occurring after registration of ShutterCheck, either
(at Plaintiffs' option) (i) Plaintiff's actual damages and Apple's and Pavlikhin's
profits attributable to the infringement(s) or (ii) statutory damages pursuant ot 17
U.S.C. § 504, including pre-and post-judgment interest; and

)    Plaintiffs' attorneys' fees and costs, pursuant to 17 U.S.C. § 505.

Defendant

Apple does not believe that Plaintiffs are entitled to any relief whatsoever.

**12.    Settlement and ADR**

On December 31, 2021, Plaintiffs and Apple filed their respective Alternative Dispute
Resolution Certifications ("ADR") pursuant to Local Civil Local Rule 16-8(b) and ADR Local
Rule 3-5(b).  Dkt. Nos. 36, 37.  The Parties are amenable to mediation and/or a settlement
conference before a magistrate judge.

**13.    Consent to Magistrate Judge for All Purposes**

The Parties do not consent to a magistrate judge.

**14.    Other References**

The Parties do not believe the case is suitable for reference to binding arbitration, a

Special Master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

Other than the pending motion to dismiss, none.

**16.    Expedited Trial Schedule**

The Parties agree that this case is not suitable for handling under Expedited Trial Procedure.

**17.    Scheduling**

| | |
|---|---|
| October 25, 2022 | Close of Fact Discovery |
| December 13, 2022 | Disclosure of Experts and Expert Reports for any Party Seeking Affirmative Relief |
| January 24, 2023 | Disclosure of Responsive Experts and Expert Reports |
| February 23, 2023 | Close of Expert Discovery |
| March 23, 2023 | Deadline to File Dispositive and *Daubert* Motions |
| April 20, 2023 | Oppositions to Dispositive and *Daubert* Motions |
| May 11, 2023 | Replies in Support of Dispositive and *Daubert* Motions |
| June 1, 2023 | Hearing on Dispositive and *Daubert* Motions |
| June 29, 2023 | Pre-Trial Conference |
| July 20, 2023 | Trial |

**18.    Trial**

The Parties estimate a 5-day trial.

JOINT CASE MANAGEMENT STATEMENT
Case No. 1:21-cv-004813

19.     **Disclosure of Non-Party Interested Entities or Persons**

On November 19, 2021, Apple filed its Disclosure Statement and Certification of Interested Entities or Persons.  Dkt. 25.  Plaintiff DIRE Studio filed its Fed. R. Civ. P.  7.1 corporate disclosure statement (Dkt. 4) when this action was pending in the Southern District of New York.  Plaintiffs have submitted a supplementary Certification of Interested Entities or Persons (Dkt. 45) concurrently herewith.

20.     **Professional Conduct**

The Parties confirm that all attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21.     **Other Matters**

The Parties have no additional matters at this time.

DATED: January 13, 2022                        Respectfully submitted,

                                                LAW OFFICES OF JOSHUA GRAUBART, P.C.

                                                By:   /s/ Joshua Graubart
                                                           JOSHUA GRAUBART

                                                Attorneys for Plaintiffs
                                                Laszlo PUSZTAI and DIRE STUDIO
                                                SZOLGÁLTATÓ KORLÁTOLT
                                                FELEL   SSÉG   TÁRSASÁG

DATED: January 13, 2022                        Respectfully submitted,

                                                DAVIS WRIGHT TREMAINE LLP

                                                By:   /s/ Nicolas A. Jampol
                                                           NICOLAS A. JAMPOL
                                                           CYDNEY SWOFFORD FREEMAN
                                                           RAPHAEL HOLOSZYC-PIMENTEL

                                                Attorneys for Defendant
                                                APPLE INC.

## [PROPOSED] CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: _____                    _____

HON. JAMES DONATO
UNITED STATES DISTRICT JUDGE

JOINT CASE MANAGEMENT STATEMENT
Case No. 1:21-cv-004813